UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01150-SVW-MAA | | Date | May 7, 2026 |
|---|---|---|---|---|
| Title | *Vadim Iakovlev v. Fereti Semaia et al* | | | |

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [9]

Before the Court is Petitioner Vadim Iakovlev's ex parte application for a temporary restraining order ("TRO"). ECF No. 9. For the following reasons, Petitioner's ex parte application is DENIED.

Petitioner Vadim Iakovlev was born in Russian in 1970. Petition ("Pet."), ECF No. 1, ¶ 17. On December 27, 2022, Petitioner entered the United States on a B-2 nonimmigrant visitor visa that was set to expire on June 26, 2023. *Id.* ¶ 18. Petitioner appeared for a bond hearing on February 12, 2026, but was denied bond because he was found to be a danger to the community and a risk of flight due to the existence of an active INTERPOL warrant for him. ECF No. 6-2.

On March 11, 2026, Petitioner filed a Petition for Writ of Habeas Corpus requesting this Court immediately release him from custody, among other relief. *See* Pet. On April 17, 2026, Petitioner filed the instant TRO requesting the same. *See* TRO.

                                                                                                    :

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01150-SVW-MAA | | Date | May 7, 2026 |
|---|---|---|---|---|
| Title | *Vadim Iakovlev v. Fereti Semaia et al* | | | |

Petitioner cannot show that he is likely to succeed on the merits. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Petitioner already received a bond hearing and has not provided any evidence to support his conclusory contention that the bond hearing was constitutionally defective. *See Pierre Osama Zarif Hanna v. Ernesto Santacruz Jr et al.*, 2026 WL 1046727, at *1 (C.D. Cal. Apr. 14, 2026) ("Based on the record before it, the Court cannot conclude that Respondents likely deprived Petitioner of his procedural due process rights. When a noncitizen is taken into ICE custody pursuant to 8 U.S.C. § 1226(a), ICE makes an initial custody determination, including consideration of a bond, provided that the noncitizen demonstrates that his or her release 'would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.' Petitioner acknowledges that he received a bond hearing." (quoting 8 C.F.R. §§ 236.1(c)(8), 236.1(d))). Furthermore, an immigration judge's "discretionary bond determination [is] not reviewable in federal court." *Rodriguez Diaz v. Garland*, 53 F. 4th 1189, 1209 (9th Cir. 2022). Finally, Petitioner provides no authority that supports the argument that his deteriorating medical condition alone is a reason to release him from custody.

For the foregoing reasons, Petitioner's ex parte application for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer          DTA